THE STATE v. SMITH.

[No. 2,298.   Filed September 21, 1897.]

CRIMINAL LAW.— Fornication.— Indictment. — Statute Construed. — An indictment under the provisions of section 2077, Burns' R. S. 1894, which charges that the parties who were unmarried lived and cohabited together as man and wife, sufficiently charges the crime of fornication.

From the Greene Circuit Court.   Reversed.

W. A. Ketcham, Attorney-General, Merrill Moores, Charles D. Hunt and W. H. Bridwell, for State.

ROBINSON, J.—The indictment charges that "Pinzen Smith, on the 10th day of September, 1895, and on divers other times and days, as well as after said date, and previous to this presentment, at said county and State aforesaid, being an unmarried man, and Rachel Branstetter, at the time being unmarried, and Rachel Branstetter and said Smith not being married to each

other, did then and there during said time, unlawfully live and cohabit together as man and wife, contrary," etc.

A motion to quash the indictment was sustained, and the State appeals.

Appellee has not favored us with a brief, but we learn from appellant's brief that the motion to quash was sustained because the indictment failed to allege that Rachel Branstetter is a woman.

The statute reads: "Whoever cohabits with another in a state of adultery or fornication shall be fined in any sum not exceeding five hundred dollars, and imprisoned in the county jail not exceeding six months." Section 2077, Burns' R. S. 1894.

The above statute defines neither adultery nor fornication. But the rule has been laid down by the courts that sexual intercourse between a man, whether married or not, and an unmarried woman, is fornication; and sexual intercourse between a married woman and any man, other than her husband, is adultery. *State* v. *Chandler*, 96 Ind. 591; *Hood* v. *State*, 56 Ind. 263, 26 Am. Rep. 21.

The indictment in the case at bar is almost identical with that in the case of *State* v. *Chandler, supra.* The only difference is that in the case cited the indictment states that the appellee is a married man. But this difference is immaterial. The remaining portions of the two indictments are practically identical. The objection urged to the indictment in the case cited was that it did not charge that the parties lived together in a state of fornication. But it was held that the words "as man and wife" gave to the word cohabit a meaning equivalent to that conveyed by the words "in a state of fornication." In the above case it was charged that Chandler and one Grace Beeman lived together as man and wife, but the indictment

does not allege that Grace Beeman is a woman. The court, by Elliott, C. J., said: "Taking the whole indictment into consideration, we think it charges the offense of cohabiting in a state of fornication."

Upon the authority of the *State* v. *Chandler, supra,* the motion to quash should have been overruled.

Judgment reversed.