NAMES *v.* THE STATE.

[No. 2,612.    Filed May 12, 1898.]

ADULTERY.—*Indictment.—Criminal Law.*—An indictment for adultery which charges that the woman was then and there a married woman and the wife of one William Jones, sufficiently shows that the husband was living, and that they were not divorced. *pp.168,169.*

APPEAL AND ERROR.—*Affidavits.—How Brought into Record.—Criminal Law.*—Affidavits to sustain causes assigned for a new trial, in a criminal cause must be brought into the record by bill of exceptions. *p. 169.*

From the La Porte Superior Court.    *Affirmed.*

*Weir & Weir,* for appellant.

*W. A. Ketcham,* Attorney-General, *Merrill Moores, John C. Richter* and *L. Darrow,* for State.

ROBINSON, C. J.—Appellant and one Anna Jones were indicted for adultery, and on motion for separate trials, appellant was separately tried resulting in a verdict of guilty and a fine of $200 and imprisonment in the county jail for thirty days.

It is argued that there is no allegation in the indictment, that at the time of the alleged offense, Anna Jones had a husband living.    Adultery is sexual intercourse between a married woman and any man other than her husband.    *State* v. *Smith,* 18 Ind. App. 179; *State* v. *Chandler,* 96 Ind. 591.    Upon the point in question the indictment charges that "the said Charles N. Names being then and there, etc.,    *    *    *    and the said Anna Jones being then and there a married woman and the wife of one William Jones, did then and there live," etc.

The language used necessarily implies that William Jones is living.    A woman cannot be a wife unless she has a husband living.    If he dies or they are divorced she is no longer his wife.    A wife is a woman who has a husband living.    The charge is not simply that she

had been married, but that she was then and there a
married woman and the wife of William Jones.     The
indictment is good.     Gillett Crim. Law, section 193;
*Crane* v. *People*, 168 Ill. 395, 48 N. E. 54; section 1964,
Burns' R. S. 1894.

The only questions presented by counsel on the mo-
tion for a new trial are certain alleged errors of the
court and misconduct of a juror.     These do not appear
in the record, except as set out in the motion for a
new trial.     Affidavits were filed in support of the mo-
tion for a new trial, but these have not been brought
into the record by bill of exceptions.     There is no bill
of exceptions in the record, and nothing that purports
to be a bill of exceptions.     It is well settled that
affidavits to sustain causes assigned for a new trial in
a criminal case must be brought into the record by
a bill of exceptions.     Section 662, Burns' R. S. 1894
has no application to criminal cases.     *Graybeal* v.
*State*, 145 Ind. 623.     Judgment affirmed.