STATE, Respondent v. MORGAN, Appellant.

(176 N. W. 35.)

(File No. 4576.     Opinion filed January 30, 1920.     Rehearing denied
March 26, 1920.)

1.  **Criminal Law—Information, Indorsement of Witnesses On, At Opening of Trial—No Surprise, Effect, Statute.**

It was not error for trial court to permit prosecuting attorney, at opening of trial, to indorse on information names of two additional witnesses, under Sec. 4702 Rev. Code 1919, requiring state's attorney to indorse thereon names of witnesses known to him "at the time of filing the same;" it not appearing that prior thereto state's attorney knew the testimony of such witnesses would be material, and defendant's attorney having been given notice, before trial, of the intended application, no showing of surprise, or application for postponement of trial, being made.

2.  **Criminal Law—Incest—Charging Incestuous Intercourse, Cohabitation, With Niece—Degrees of Consanguinity—Statute Construed.**

Under Secs. 350 (Sec. 3864 Rev. Code 1919) providing that persons who, being within degrees of consanguinity within which marriages are by state law declared incestous and void, commit adultery or fornication with each other, etc., and Sec. 38 Civ. Code (Sec. 106 Rev. Code 1919), providing that marriages between * * * * uncles and nieces, or aunts and nephews, etc., incestuous and void, whether the relationship be legitimate or illegitimate, an information charging that defendant did commit the crime of incest as follows:  did wilfully, etc., have incestuous intercourse with one *' * 'and did live and cohabitat as husband and wife with her, she being the daughter of "Bert Morgan and he the said Bert Morgan and the said" (defendant) "being brothers of the whole blood," properly charged a public offense; it is also charged that defendant and said Bernice Morgan cohabitated as husband and wife, and that they maintained sexual relations; such being the ordinary meaning of the words "cohabitated as husband and wife;" moreover, the charge that defendant did have incestuous intercourse "with the daughter of his brother," stated a criminal offense.

3.  **Evidence—Incest—Defendant's Letters to Niece's Parents Showing Fact of Marriage, Etc., Competency—Admission of Marital Cohabitation, Effect Re Admissibility—Purpose to Prejudice Jury, Tenability of Objection**

In a prosecution for incest, letters of defendant to parents of his niece with whom he was charged with incestuous intercourse and cohabitation as husband and wife, tending to show fact of marriage between them in another state and their liv-

ing there together as husband and wife, (one letter showing they were staging their relationship as uncle and niece), were admissible in evidence against defendant; nor was the objection that they were inadmissible in view of an admission in open court of the fact of marriage in Colorado, that they cohabitated there as husband and wife and that defendant had knowledge of their blood relationship, tenable, or that the sole purpose of offering the letters was to prejudice jury against defendant.

4. **Same—Purpose of Receiving Letters in Evidence—Probability of Incest, Effect Re—Rule Re Effect of Admission—Offer, Effect.**

Nor was the admissibility of said letters limited to question of intent; they were admissible not only to prove matters covered by the admission, but as bearing upon probability of commission of the act charged; especially in that the act of sexual intercourse charged was proved only by circumstantial evidence; the general rule being that evidence of facts in themselves relevant to guilt of accused, are not inadmissible because he admits, or offers to admit, that such facts are true; that the right of the state to offer and to have received evidence relevant and material to the issue cannot be taken away by such offer or admission.

5. **Criminal Law—Evidence—Incest—Question Re Return of Parties From Foreign State, Whether Proper Crossexamination, Evidence Against Self, Re Mann Act.**

In a prosecution for incest, it was objectionable to ask defedenant on cross-examination: "You were bringing her from Colorado to Mitchell at the time?" and "You had planned to go away before that hadn't you?" against the objection that the questions were not proper cross examination; it not appearing that defendant had let down the bars so as to make said questions proper cross-examination; trial court erred in requiring defendant to answer them, unless the questions were competent for impeachment purposes, which does not appear; since defendant, even in an incest case, who takes the stand is entitled to be protected in his constitutional right to not be compelled to give evidence against himself; but, defendant's contention being that the rulings opened door for argument to jury that he had violated Federal Act commonly known as the "Mann Act" and was intending flight from Mitchell at time of his arrest, the record failing to show that such matters were suggested to jury, nor in any other way where evidence received in answer to said questions was prejudicial, the error was not reversible.

6. **Appeals—Error—Incestuous Cohabitation in Foreign State—Instruction Re Foreign Law, Exception, Foreign Annotated Statutes, Admission Of, Effect—Non-prejudicial Error, Statute Re.**

In a prosecution for incest, court instructed jury, concerning the law of another state in which the parties were alleged to have been cohabitating as husband and wife, "is just the same as the law in South Dakota." The prosecution having offered in evidence a section of the law of the foreign state contained in annotated statutes, together with a chapter of a volume purporting to be the Laws 1913 of the foreign state, declaring the annotated statutes to be prima facie evidence of the law; the incest statute therein being identical with that of this state; defendant, admitting the annotated statutes was prima facie evidence of such foreign law, contended that question of such law was one for jury. **Held,** in view of Sec. 528 Code Civ. Proc. (Sec. 2718, Rev. Code 1919) providing that printed copy in volumes of statutes, codes, etc., enacted by any other state, purporting or proved to be published by authority thereof, shall be admitted by courts of this state as presumptive evidence of such law, that, while defendant's objection is technically right, the error was without prejudice; since under the evidence the jury could not possibly have found the foreign law was not as stated; and no substantial right of appellant was invaded, in view of Sec. 500, Code Cr. Proc., (Sec. 5044, Rev. Code 1919) requiring Supreme Court in criminal cases to give judgment without regard to technical errors, etc.

Appeal from Circuit Court, Davison County. Hon. FRANK B. SMITH, Judge.

The defendant, Fred H. Morgan, was convicted of the crime of incest, and he appeals. Affirmed.

*H. G. Giddings,* for Appellant.

*Byron S. Payne,* Atorney General, and *E. R. Winans,* Assistant Attorney General, for the State.

To point one of the opinion, Appellant cited: Sec. 206, Code Civ. Proc. 1903; State v. King, 9 S. D. 628; State v. Frazer, 23 S. D. 304.

Respondent cited: State v. Albertson, 20 N. D. 512, 128 N. W. 1122; State v. Kilmer (N. D.), 153 N. W. 1090.

(2) To point two, Respondent cited: Burns v. Burns, 60 Ind. 259; State v. Spurling (La.), 40 South. 167; Pen. Code, Sec. 350.

(3) To point three, Appellant cited: State v. Strum, 169 N. W. 373.

Respondent cited. 16 C. J. 562; State v. Young (Ore.), 18 L. R. A. (N. S.) 688; People v. Koller (Cal.), 76 Pac. 500;

Jones on Evidence, Sec. 287; State v. Pencoast (N. D.), 67 N. W. 1052.

(4) To point four, Respondent cited: 16 C. J. 602; Jones on Evidence, Sec. 144; State v. DeMasters, 15 S. D. 581, 90 N. W. 852.

(5) To point five, Appellant cited: State v. Fullwider, 28 S. D. 624-5.

Respondent cited: People v. Geyer, 132 App. Div. (N. Y.) 790.

(6) To point six, Appellant cited: Civ. Code, Sec. 44; Garcia v. Garcia, 25 S. D. 645; 28 L. N. S. 754; State v. Hand (Neb.) 28 L. N. S. 753; C. C. Pro. Sec. 528.

GATES, J. Appeal from a conviction for incest and from an order denying a new trial.

[1] At the opening of the trial the prosecuion asked leave to indorse on the information the names of two additional witnesses. A section of statute, now section 4702, Rev. Code 1919, required the state's attorney to indorse on the information "the names of the witnesses known to him at the time of filing the same." It did not clearly appear that prior thereto the state's attorney knew that the testimony of these witnesses would be material. Appellant's attorney was given notice, before the trial, of the intended application. Appellant did not attempt to make a showing of surprise, nor did he ask for a postponement of tral. Under this situation the action of the trial court in allowing the application was not error. State v. Cherrington, 34 S. D. 562, 149 N. W. 421.

[2] Appellant contends that the information did not charge a public offense. Section 350, Pen. Code (section 3864, Rev. Code 1919), is as follows:

"Persons who, being within the degrees of consanguinity within which marriages are by the laws of the state declared incestuous and void, intermarry with each other, or commit adultery or fornication with each other, are punishable by imprisonment in the state penitentiary not exceeding ten years."

Section 38, C. C. (section 106, Rev. Code 1919), is as follows:

Marriages between parents and children, ancestors and descendants of every degree, and between brothers and sisters of

the half as well as the whole blood, and between uncles and nieces, or aunts and nephews, and between cousins of the half as well as of the whole blood, are incestuous and void from the beginning, whether the relationship is legitimate or illigetimate."

The information charged:

"That defendant did commit the crime of incest as follows: That the said Fred H. Morgan, on the 21st day of July, A. D. 1918, at Mitchell, in the county of Davison and state of South Dakota, did wilfully, unlawfuly, and feloniously have incestuous intercourse with one Bernice Morgan, and did then and there live and cohabit as husband and wife with the said Bernice Morgan, she the said Bernice Morgan being then and there the daughter of Bert Morgan, and he, the said Bert Morgan, and the said Fred H. Morgan being then and there brothers of the whole blood."

Appellant says that the charge that they cohabited as husband and wife does not charge that they maintained sexual relations. Appellant errs. Such is the ordinary meaning of the words "cohabited as husband and wife." Burns v. Burns, 60 Ind. 259; State v. Spurling, 115 La. 789, 40 South. 167; State v. Smith, 18 Ind. App. 179, 47 N. E. 685. Furthermore, the charge that appellant "did have incestuous intercourse" with the daughter of his brother stated a criminal offense. Hintz v. State, 58 Wis. 493, 17 N. W. 639.

[3] Appellant next complains of the admission in evidence of certain letters written by him from Colorado to the parents of his niece tending to show the fact of marriage of the defendant to his niece in Colorado and the fact of their living together there as husband and wife, although one letter showed that they were staging their relationship as uncle and niece, and tending to show how happy they were in their new estate. The letters were in part flippant, conveyed the impression of bravado, advised the addressees that the matter was the concern of himself and his niece, and not the concern of her parents, and in effect dared them to do anything about it. In order to prevent the submission of the letters to the jury, the defendant admitted in open court the fact of the marriage in Colorado, the fact that they there cohabited as husband and wife, and

that he then had knowledge of their blood relationship. The court received the letters in evidence notwithstanding the admissions. Appellant says that the sole purpose of offering the letters was to prejudice the jury against him, and relies upon the case of State v. Strum (Iowa), 169 N. W. 373. In that case the defendant was charged with receiving stolen property; while denying the charge he admitted in open court that whatever he did was done designedly. The court said (the italics are ours):

"Over apt objection, testimony was admitted tending to show that the defendant had bought stolen property through a transaction not connected with the one being prosecuted for and occurring prior to the act upon which the indictment is based. One defense of its admission made by the state is that evidence of the purchase of other stolen brass is admissible to show the intend and the absence of mistake or accident; and the many cases cited for this proposition fully sustain the statement. But the question remains whether, *since this is the only purpose for which such evidence is properly receivable,* it may be adduced over objection when there is an admission of record that there was no accident or mistake, and that whatever was done was done intentionally and knowingly."

The court then decided that it was error to receive that testimony.

But in this case the admissibility of the letters was not limited to the question of intent. They were admissible, not only to prove the matters covered by the admission in open court, but as bearing upon the probability of the commission of the very act charged. In 14 R. C. L. 38, we find the following:

"According to the weight of authority, evidence of other acts of sexual intercourse or lascivious familiarity between the same parties is admissible as tending to show a tendency or disposition to do the thing complained of."

This is particularly true where, as in this case, the act of sexual intercourse charged was proved only by circumstantial evidence. The general rule as stated in 16 Corp. Jur. 562, is as follows:

"Evidence of facts which in themselves are relevant to

the guilt of accused are not inadmissible because he admits, or offers to admit, that such facts are true. The right of the state to offer, and to have received, evidence which is relevant and material to the issue cannot be taken away by such offer or admission."

We think the trial court did not err in applying the general rule, even though the letters did tend to prejudice the jury against appellant.

[4]	Appellant next urges that it was prejudicial error for the court to require him to answer the question, "You were bringing her from Colorado to Mitchell at the time?" and "You had planned to go away before that, hadn't you?" over the objection that the questions were not proper cross-examination. We are unable to discover from the evidence where the appellant let down the bars so as to make the questions proper cross-examination. We are clear that the court erred in its ruling unless the questions were competent for the purpose of impeachment, and no such purpose appears. The defendant, even in an incest case, who takes the witness stand, is entitled to be protected in his constitutional right to not be compelled to give evidence against himself. Appellant contends that these rulings opened the door for argument to the jury that appellant had violated the federal act commonly referred to as the "Mann Act" (U. S. Comp. St., §§ 8812-8819), and that he was intending flight from Mitchell at the time of his arrest. The record on appeal does not show that those matters were suggested in any way to the jury, nor does the record show in any other way where the evidence received in answer to those questions was prejudicial to appellant.

[5]	The only other alleged error that we deem worthy of discussion is an exception to part of the following instruction given to the jury:

"By the statute of the state sexual intercourse between an uncle and niece is incest, no matter whether they are married or unmarried. There is some evidence that these parties were at least formally married in Colorado. Now the law of Colorado is just the same as the law in the state of South Dakota. It makes marriage and it makes sexual intercourse between an uncle and niece incestuous; in other words, a crime. So, if

they were married in Colorado, that would be no defense whatever to any sexual intercourse that they might have had here."

The appellant excepted to that portion wherein "the court told the jury that the law of the state of Colorado was the same as the law of the state of South Dakota." The prosecution had offered in evidence section 1897 of a volume purporting to be "Mill's Annotated Statutes of Colorado, 1912," together with chapter 109 of a volume purporting to be the Laws of 1913 of the state of Colorado, which chapter declared the above Annotated Statutes to be prima facie evidence of the law of Colorado. The above section of the Colorado statutes, so far as the marriage between uncles and nieces is concerned, is exactly like our section 106, Rev. Code 1919. Appellant offered no contradictory evidence on the subject.

Appellant, while admitting that the volume of statutes was prime facie evidence of the law of Colorado, yet contends that the question as to what was the law of Colorado was a question of fact for the jury to determine, and that the trial court exceeded its province in giving the portion of the instruction excepted to.

Section 528, C. C. P. (section 2718, Rev. Code 1919), provides:

"Printed copies in volumes of statutes, Codes, or other written law, enacted by any other state. * * * purporting or proved to have been published by the authority thereof, * * * shall be admitted by the courts and officers of this state on all occasions, as presumptive evidence of such laws."

[6] Therefore, in view of the last section cited, if the trial court had said, "Now the law of Colorado is presumptively just the same as the law in this state," there would have been no force in appellant's exception to the instruction. As it is, the appellant is technically right, but the technicality is so thin as to be diaphanous. It is error without prejudice. Under the evidence as it stood the jury could not possibly have found that the law of Colorado was not as stated.

Section 500, C. Cr. P. (section 5044, Rev. Code 1919), requires this court on appeal in criminal cases to give judgment

without regard to technical errors or defects which do not affect the substantial rights of parties.

No substantial right of appellant having been invaded in this case, the judgment and order appealed from are affirmed.