STATE, Respondent, v. BESHARA, Appellant.

(274 N. W. 836)

(File No. 8005. Opinion filed September 1, 1937)

*Gale B. Wyman* and *Francis J. Parker,* both of Deadwood, for Appellant.

*Clair Roddewig,* Atty. Gen., and *W. E. Weygint,* Asst. Atty. Gen., for the State.

WARREN, J.   The defendant, Pete Beshara, was informed against under section 3, chapter 251, Laws 1929, with recklessly driving his automobile along a public highway in the city of Deadwood, Lawrence County, South Dakota.   Defendant entered a plea of not guilty and, the case being brought to trial, was found guilty of reckless driving and sentenced by the court to three months in jail and a fine of $300.   Defendant's motion for a new trial having been denied, the cause is now before us upon appeal.

An examination of the record leads us to the conclusion that this opinion need not deal with the assignments of error relating to the proceedings concerning the absence of the defendant from the trial.   We will therefore devote our time to the consideration of the evidence submitted by the State in order to ascertain if it is sufficient to support the verdict and sustain the judgment entered thereon.

The information charges the defendant substantially in the language of the statute, which reads as follows: "Section 3. Reckless Driving.   Any person who drives any vehicle upon a highway carelessly and heedlessly in wilful or wanton disregard of the rights or safety of others, or without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property, shall be guilty of reckless driving and upon conviction shall be punished as provided in Section 64 of this act."   Section 3, chapter 251, Laws 1929.

We now examine the evidence for the purpose of ascertaining if there is any substantial evidence to support the conviction.   For that purpose we accept the statement presented by the respondent in its brief, which is as follows: "The evidence

shows that Loraine Gorman, a fifteen year old girl was struck by Defendant's automobile while he turned in on the intersection of Pine Street in the City of Deadwood. That Miss Gorman was dragged about six feet from the sidewalk onto the intersection. Fay Slack, a witness for the State, testified that he saw the accident when it happened. That the girl was rolling under the car right there at the intersection. That the Defendant was driving his car about 15 or 18 miles an hour. That he heard no horn. That the girl was in the middle or the center of the sidewalk. That he heard no brakes being applied. That the girl was drug 10 or 15 feet after she was struck and then the car passed clear over her. That the place where the girl was standing when struck is a public walkway, used by everybody. The intersection forms part of the sidewalk. She was standing in the best illuminated spot when struck. The lights threw their illumination upon her. There was no mist or fog and the streets were dry that evening. The lights around the garage were on as well as the street lights. The Defendant's car was just going across the curb at the intersection when he first saw it." The evidence as to the speed with which appellant approached the crossing, as testified to by the State's two witnesses, is wholly unsatisfactory as it is merely speculative. The evidence produced by the State reveals that the jury inferred the guilt of the appellant solely from the fact that he struck Miss Gorman and did not bring his car to a stop until it had passed over her. The State failed to present other evidence of the conduct of the appellant. It does not necessarily follow, from the fact that an automobile strikes and passes over a pedestrian, that its driver is guilty of the conduct described by the statute in question. The verdict of the jury in a criminal case must be based upon substantial evidence, and may not rest upon speculation. It is the opinion of this court that the evidence offered on behalf of the State is not sufficient to support a conviction. We feel that we are largely controlled and must be governed by what was said in a case which has been decided since the trial of this present case, and in which this court had occasion to deal with the statute under which the appellant was informed against. State v. Rossman, 64 S. D. 532, 268 N. W. 702.

The order and judgment appealed from are reversed.

All the Judges concur.