THE ATTORNEY GENERAL
OF TEXAS



CRAWFORD C. MARTIN
ATTORNEY GENERAL

September 14, 1972

Honorable Ned Granger
County Attorney
Travis County Courthouse
Austin, Texas 78701

Dear Mr. Granger:

Opinion No. M-1216

Re: Whether the Travis County
Clerk is authorized to
issue a marriage license
to two persons of the
same sex?

You have requested an opinion as to whether the Travis
County Clerk is authorized to issue a marriage license to two
persons of the same sex.

In order to qualify for a marriage license in the State
of Texas, the following Section of Title I of the Family Code
(Acts 61st Leg.,R.S.1970,ch.888,p.7) must be complied with:

"Section 1.01.  Marriage License

"Persons desiring to enter into a ceremonial
marriage shall obtain a marriage license from
the county clerk of any county of this state."

Sections 1.02, 1.03, 1.04, 1.06, 1.07, and 1.08 of the
Family Code, supra, deal with the procedure for obtaining a
marriage license but they are not definitive of who may marry
in Texas.

At first blush, it might appear that the County Clerk is
authorized to issue a marriage license to persons of the same
sex if they meet the above qualifications.  Nevertheless, we
must look further.

The Title of the Family Code reads in part:

"An Act adopting Title I of the Family Code,
a substantive revision of the statutes relating
to husband and wife - entering the marriage
relationship; . . ."

-5964-

Therefore, since this Act is a "Code," it is subject to the Code Construction Act, Art. 5429b-2, Subchapter C, Sec. 3.03, Vernon's Ann. Civ. St. (60th Leg. 1967).

> "Sec. 3.03.  In construing a statute, whether or not the statute is considered ambiguous on its face, a court may consider among other matters the
>
> "(1)   object sought to be attained;
>
> "(2)   circumstances under which the statute was enacted;
>
> "(3)   legislative history;
>
> "(4)   common law or former statutory provisions, including laws upon the same or similar subjects;
>
> "(5)   consequences of a particular construction;
>
> "(6)   administrative construction of the statute; and
>
> "(7)   title, preamble, and emergency provision."

In accordance with the Code Construction Act, supra, we must look to the common law for guidance as provided for in Article 1, V.C.S.:

> "The common law of England, so far as it is not inconsistent with the Constitution and laws of this State, shall together with such Constitution and laws, be the rule of decision, and shall continue in force until altered or repealed by the Legislature."

Indeed, at common law, marriage could only exist between a man and a woman.  Grigsby v. Reib, 105 Tex. 597, 153 S.W. 1124 (1913).

Alternatively, although Texas courts have not directly spoken to the definition of husband and wife, other courts have done so.  In Davis v. Bass, 188 N.C. 200, 124 S.E. 556, 568 (1924), the court said, "a husband is a man who has a wife,

and a wife is a woman who has a husband."  Also, see 30 Tex.Jur. 2d 91, Husband and Wife, and Names v. State, 20 Ind.App. 168, 50 N.E. 401 (1898).

However, Texas courts have defined the word "marriage." In Janelli v. Janelli, 216 S.E.2d 587, (Tex.Civ.App. 1948), rev. on other grounds), the court in citing Lewis v. Ames, 44 Tex. 319 (1875) quoted, "A marriage is a mutual agreement of a man and a woman to live together in the relation and under the duties of husband and wife."  Also, see Simpson v. Simpson, 380 S.W.2d 855, (Tex.Civ.App. 1964, error ref. n.r.e.).

While the drafters of this Code may not have been explicit, each section thereof must be read in harmony with the remainder of the statute.  In City of Mason v. West Texas Utilities Company, 150 Tex. 18, 237 S.W.2d 273 (1951), the Court stated on page 278 that:

> "The fundamental rule controlling the
> construction of the Statute is to ascertain
> the intention of the Legislature expressed
> therein.  That intention should be ascertained
> from the entire act, and not from isolated
> portions thereof."

Furthermore, in Calvert v. British-American Oil Producing Company, 397 S.W.2d 839, (Tex.Sup. 1965) at page 842, the Court said:

> "Courts will not follow the letter of the
> statute when it leads away from the true
> intent and purpose of the Legislature, and
> to conclusions inconsistent with the general
> purpose of the act."

Following these two rules of statutory construction, the possible confusion with regard to the provisions of the Family Code, supra, can be resolved.

In the instant situation, since the Legislature has permeated the Family Code, supra, with the terms "husband", "wife", and "marriage", and since the Legislature must be presumed to know the definitions and usage of these words, it is eminently clear that under Texas law only two persons of the opposite sex may be granted a license to marry in Texas.

We must next look to find whether the Family Code, supra, is invalidated by the United States Constitution because it **violates** the due process and equal protection provisions of the Fourteenth Amendment. In Skinner v. Oklahoma ex rel. Williamson, 316 U.S. 535, 541, 62 S.Ct. 1110, 1113, 86 L.Ed. 1655, 1660 (1942), the Supreme Court of the United States in an opinion written by Mr. Justice William O. Douglas reflected on the institution of marriage by announcing:

> ". . . Marriage and procreation are
> fundamental to the very existence and
> survival of the race. . ."

The issue arises, with the assertion that social mores have changed so, that the right to marry without regard to sex is so fundamental a right that any restriction is invalid, illogical, and invidiously discriminatory. Last year the Supreme Court of Minnesota was met squarely with this problem in Baker v. Nelson, 191 N.W.2d 185 (S.Ct.Minn. 1971), pending No. 71-1027, 40 LW 2221. As in the instant situation, that court was presented the question of whether a county clerk in Minnesota was obligated to issue a marriage license to two men. The Court noted two recent Supreme Court decisions invalidating a State law prohibiting the use of contraceptives by married couples, Griswold v. Connecticutt, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965) and a State's antimiscegenation law, prohibiting interracial marriage, Loving v. Virginia, 388 U.S. 1, 87 S.Ct. 1817, 18 L.Ed.2d 1010 (1967). The Supreme Court of Minnesota in Baker v. Nelson, supra, refused to extend Griswold v. Connecticutt, supra, and Loving v. Virginia, supra, stating:

> ". . . But in common sense and in constitutional
> sense, there is a clear distinction between a
> marital restriction based merely upon race and
> one based upon the fundamental difference in sex."

It should be noted that Baker v. Nelson, supra, is on appeal to the Supreme Court of the United States. Nevertheless, subject to a contrary ruling, we are of the opinion that the County Clerk is not authorized to issue a marriage license to two persons of the same sex.

## S U M M A R Y

The County Clerks in Texas are not authorized to issue marriage licenses to two persons of the same sex.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Lewis A. Jones
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Linda Neeley
Wardlow Lane
Harriet Burke
R. L. Lattimore

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant