STATE of South Dakota, Plaintiff
and Appellee,

v.

Raymond Lewis HAWK, Defendant
and Appellant.

No. 12817.

Supreme Court of South Dakota.

May 21, 1980.

Michael V. Black, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Russell D. Kading of Dana, Golden, Moore & Rasmussen, Sioux Falls, for defendant and appellant.

PER CURIAM.

Defendant was found guilty by a jury on a charge of second-degree manslaughter arising out of the death of Freeman Hawk, his two-year-old son. We affirm.

At trial, two doctors testified about the extent and cause of Freeman Hawk's injuries. The emergency room doctor classified Freeman Hawk as a battered child whose severe bruising precluded any type of accidental cause. The pathologist who performed the autopsy testified that Freeman Hawk died of blood loss resulting from hemorrhaging in the abdominal cavity caused by trauma produced by dropping the child on his buttocks, striking him with a fist, or kicking him.

After the doctors testified, six post-mortem photographs showing specific areas of bruising on Freeman Hawk's body were admitted into evidence. Defendant argues that the 8″ × 11″ enlargements of the original 3½″ × 5″ photographs were inflammatory, inciting the passion and prejudice of the jury.

The admission of photographs lies in the sound discretion of the trial court. *State v. Disbrow*, 266 N.W.2d 246 (S.D.

1978). Photographs are admissible " 'when they accurately portray anything which it is competent for a witness to describe in his own words, or where they are helpful as an aid to a verbal description of objects or conditions and relevant to some material issue.' " *State v. Kaseman,* 273 N.W.2d 716, 726 (S.D.1978). Here, the photographs reflected the medical testimony about the extensive bruising and were relevant to the cause of death. In addition, they supplemented the pathologist's testimony about the trauma leading to the hemorrhaging and the circumstantial evidence of defendant's treatment of Freeman Hawk on the day of his death. See *State v. Austin,* 84 S.D. 405, 172 N.W.2d 284 (1969). Accordingly, the trial court did not abuse its discretion in admitting the photographs.

■ After the State and defense had rested, the trial judge admonished the jury not to discuss the case and said,

> Thank you for your patience and your indulgence today. The good news is that this case was scheduled to go five days, and if it is going to go five days, it will be because you have long deliberations. It won't be any of our fault. You will be excused until tomorrow, and thank you.

Although defendant did not object to the remark or request corrective action, he now argues that the remark had the prejudicial effect of implying that the jury had to reach a decision. He argues that *Jenkins v. United States,* 380 U.S. 445, 85 S.Ct. 1059, 13 L.Ed.2d 957 (1965) controls this case.

In *Jenkins,* supra, the judge told the jury that "you have got to reach a decision in this case[,]" after the jury had been deliberating for more than two hours and apparently was deadlocked. In defendant's case, the jury had not heard final arguments, received instructions, or begun to deliberate. While the remark might have been better left unsaid, we conclude that when read in the context of the proceedings it did not have a coercive or prejudicial effect requiring a new trial.

The judgment is affirmed.