**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Ralph E. MACY, Defendant and Appellant.**

**No. 12935.**

Supreme Court of South Dakota.

Submitted on Briefs May 21, 1980.

Decided July 9, 1980.

Margaret Crew, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

John E. Burke, Sioux Falls, for defendant and appellant.

FOSHEIM, Justice.

Appellant seeks review from a speeding conviction. We affirm.

On August 26, 1979, State Trooper Paul Jensen received a radio message that a brown Buick automobile was speeding in an easterly direction on Interstate 90 west of Presho, South Dakota. Trooper Jensen was able to see a vehicle matching that description about two miles ahead of him proceeding east at what appeared to be a high rate of speed. He closed the gap to about 1600 feet and maintained that distance for approximately a mile at a speed of 85 miles per hour. At that pace the defendant was gaining. The trooper then accelerated and stopped the defendant. According to the officer his speedometer is calibrated every 20,000 miles and was verified that day by radar. He also testified that his patrol car was equipped with a radar unit which he did not activate.

The defendant waived a jury trial and was found guilty by the court. The only issue presented on appeal is whether there is sufficient evidence in the record from which the trial court could conclude that the defendant was guilty of speeding beyond a reasonable doubt.

The defendant denied he was speeding. It is his position on appeal that since the state trooper did not activate his radar unit he failed to utilize the most scientific means at his disposal to establish credible evidence as to speed. It appears, however, from other evidence that the radar units in the South Dakota Highway Patrol cars cannot be used to clock the speed of a car traveling in the same direction.

On appeal, we must accept all the evidence on the record supporting the conviction, as well as all reasonable inferences which can be drawn therefrom. *State v. White*, 269 N.W.2d 781 (S.D.1978); *State v. Dietz*, 264 N.W.2d 509 (S.D.1978). As the ultimate fact finder in this case, the trial court necessarily determined the credibility of each of the witnesses that testified, and the mere fact that there was a conflict in the evidence does not militate against a finding of guilt. *State v. Means*, 268 N.W.2d 802 (S.D.1978); *State v. Bush*, 260 N.W.2d 226 (S.D.1977); *Hilde v. Flood*, 81 S.D. 25, 130 N.W.2d 100 (1964); *Durr v. Hardesty*, 76 S.D. 232, 76 N.W.2d 393 (1956).

A review of the record persuades us that there was substantial evidence, *State v. Beshara*, 65 S.D. 445, 274 N.W. 836 (1937), whereby the defendant could be found guilty as charged beyond a reasonable doubt.

The judgment of conviction is affirmed.

All the Justices concur.