**STATE of South Dakota, Plaintiff and Appellee,**

v.

**George Ronald WOLFORD, Defendant and Appellant.**

**No. 13540.**

Supreme Court of South Dakota.

Considered on Briefs Feb. 25, 1982.

Decided April 7, 1982.

Jeffrey P. Hallem, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Rodney Freeman, Jr., of Churchill, Manolis & Freeman, Huron, for defendant and appellant.

HENDERSON, Justice.

### ACTION

George Ronald Wolford (appellant) appeals from a conviction of grand theft resulting from a bench trial. Sentenced to three years imprisonment, he raises three issues which are treated below. We affirm.

### FACTS

During the evening hours of May 14, 1981, appellant, Jerry Watts, Doris Jones and Laurie Lehman were riding in Watts' pickup truck in Huron, South Dakota, when it ran out of gas. Appellant and Watts walked to a nearby service station, followed later by Ms. Jones and Ms. Lehman who were apparently tired of waiting at the

pickup. After observing that appellant and Watts had procured the gas, Ms. Jones and Ms. Lehman began walking back to the pickup along a sidewalk; appellant and Watts, however, began walking through an alleyway which ran parallel to the afore-mentioned sidewalk.

At this time, Ms. Jones observed appellant enter a maroon and white Cadillac (white top) which was parked behind an apartment house located along the alley. Ms. Jones testified that Watts ran out of the alley and exclaimed (expletives omitted): "That _____ _____ stole a car. I am going to stay the hell away—." The other girl, Ms. Lehman, testified that she "thought" she saw appellant coming out of the alley in a maroon vehicle.

Absent appellant, the three individuals walked back to where the pickup was stalled. Upon arrival, the maroon Cadillac was observed parked near the pickup with appellant sitting in the pickup. At this time, Ms. Jones stated to appellant: "If you took it, you better take it back." According to Ms. Jones, appellant told her that she had not seen anything and to shut up. After appellant entered the maroon Cadillac, Ms. Jones asked him if he was going to return the car to which (according to Ms. Jones) he replied "Yes." Ms. Jones further testified that, later that night, she saw a red (bottom) and white (top) Cadillac parked at a liquor store in Huron.

The Cadillac in question is owned by Huron Ditto Market, Inc., and Ditto's president, Rollie Sanderson, uses the car. According to Sanderson, no one else had permission to use the Cadillac during the period in question. Sanderson last saw the Cadillac parked behind his apartment the afternoon of May 14, 1981, and discovered it missing around 9:30 a.m. the following day. At approximately 3:30 p.m. on the 15th, Sanderson discovered the Cadillac parked in front of the "Christen-Hohm Building."

## ISSUES

### I.

Is there sufficient evidence in the record to uphold the conviction of appellant? We hold that there is.

### II.

Did the trial court err by receiving into evidence certain exhibits and testimony? We hold that it did not.

### III.

Did the trial court abuse its discretion by allowing a witness to testify who was not endorsed on the information? Under the facts presented here, we hold that it did not.

## DECISION

### I.

Appellant argues that the trial court erred in denying his motion for judgment of acquittal based upon insufficient evidence. The issue, then, is whether there exists sufficient evidence in the record to sustain the trial court's finding of guilt. *See State v. Vogel*, 315 N.W.2d 321 (S.D.1982). The facts, as they were presented at trial, are essentially set forth under *FACTS*, supra.

In considering a 'sufficiency of the evidence' question stemming from a bench trial, this Court.

> ... must accept all the evidence on the record supporting the conviction, as well as all reasonable inferences which can be drawn therefrom. *State v. White*, 269 N.W.2d 781 (S.D.1978); *State v. Dietz*, 264 N.W.2d 509 (S.D.1978). As the ultimate fact finder in this case, the trial court necessarily determined the credibility of each of the witnesses that testified, and the mere fact that there was a conflict in the evidence does not militate against a finding of guilt. *State v. Means*, 268 N.W.2d 802 (S.D.1978); *State v. Bush*, 260 N.W.2d 226 (S.D.1977); *Hilde v. Flood*, 81 S.D. 25, 130 N.W.2d 100 (1964); *Durr v. Hardesty*, 76 S.D. 232, 76 N.W.2d 393 (1956).

*State v. Macy*, 294 N.W.2d 435, 436 (S.D. 1980). Under this standard of review, we

hold that there exists sufficient evidence in the record to uphold the conviction by the trial court.

## II.

Appellant contends that the trial court erred in receiving certain exhibits and testimony into evidence:

### (A)

■ State's exhibits # 1, # 2, and # 3 (pictures of the Cadillac used by Sanderson which were taken by a Huron policeman at the request of the state's attorney) were admitted into evidence after the photographer-policeman testified when and where he took the pictures and Sanderson had testified that the pictures showed "a car exactly like I own." Subsequent to the trial court asking Sanderson if his license number was ALE–257, to which Sanderson replied in the affirmative, the exhibits were admitted into evidence. The license number was ascertainable from exhibit # 1. Sanderson was unable to read the license number from exhibit # 1 without his glasses, prompting the trial court to ask this question.

In *State v. Hawk*, 292 N.W.2d 346, 347 (S.D.1980) (citation omitted) this Court stated:

> Photographs are admissible " 'when they accurately portray anything which it is competent for a witness to describe in his own words, or where they are helpful as an aid to a verbal description of objects or conditions and relevant to some material issue.' "

Admitting these photographs into evidence was within the sound discretion of the trial court. *State v. Hawk*, supra; *State v. Disbrow*, 266 N.W.2d 246 (S.D.1978). Therefore, the trial court did not abuse its discretion in admitting these photographs into evidence.

Appellant further claims that the trial court should not have asked Sanderson about the license number of the car depicted in exhibit # 1. We disagree. In *State v. Richards*, 84 S.D. 376, 381, 171 N.W.2d 808, 810 (1969), this Court observed that "[a] trial judge is not a mere moderator, but has the duty to control the conduct of a trial and within proper limits may examine witnesses for the purpose of eliciting facts material to the case and in the interest of justice. 53 Am.Jur., Trial, §§ 74, 75."

### (B)

■ A reading of the record indicates that Sanderson was not sure of the specific date the Cadillac was found missing. He knew the sequence of events but could not readily relate the events to specific dates. In an effort to ascertain the dates in question, the state's attorney asked several leading questions of Sanderson. Appellant's trial counsel objected three times during the course of this testimony, with two of the objections being overruled and one being sustained. Appellant now argues that his objections to the leading questions were erroneously overruled by the trial court which, in turn, allowed inadmissible testimony into evidence. We do not agree. The witnesses at trial were sequestered and, through their testimony, it was clearly established that the offense occurred on May 14, 1981. In light of these factors, we do not believe that appellant's contention rises to the level of prejudicial error. *See* SDCL 23A–44–14.

### (C)

■ As previously alluded *to* under *FACTS*, Ms. Jones testified at trial that Jerry Watts had exclaimed that appellant had stolen a car. Objection was immediately made by appellant on grounds of hearsay. *See* SDCL 19–16–1(3). The trial court overruled this objection. The State relies upon SDCL 19–16–5 and/or SDCL 19–16–6 as the basis for upholding the trial court's rulings:

> [SDCL 19–16–5] A statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter, is not excluded by § 19–16–4, even though the declarant is available as a witness.

> [SDCL 19–16–6] A statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condi-

tion, is not excluded by § 19–16–4, even though the declarant is available as a witness.

SDCL 19–16–4 provides that hearsay is not admissible unless an exception applies.

The facts here indicate that Watts had just observed appellant enter a vehicle and begin to drive away when he (Watts) came running out of the alley, ran into Ms. Jones, and made the statement in question. In discussing the res gestae exception to the hearsay rule, this Court in *State v. Percy*, 81 S.D. 519, 525–526, 137 N.W.2d 888, 892 (1965), stated (emphasis in original):

Wigmore on Evidence, 3rd Ed., § 1750, commenting on the time element states: "The utterance must have been *before there has been time to contrive and misrepresent, i.e.*, while the nervous excitement may be supposed still to dominate and the reflective powers to be yet in abeyance. This limitation is in practice the subject of most of the rulings. It is to be observed that the statements *need not be strictly contemporaneous* with the exciting cause; they may be subsequent to it, provided there has not been time for the exciting influence to lose its sway and to be dissipated."

" . . . Whether an utterance was made under the influence of the event must be determined on the basis of the circumstances in each case. The admissibility of such statements is in the sound discretion of the trial court and we will disturb his holding only if convinced that such discretion was abused."

Upon a review of the situation surrounding the statement in question, we hold that the trial court, under SDCL 19–16–5 and SDCL 19–16–6, did not abuse its discretion in allowing the statement into evidence.

### III.

Lastly, appellant maintains that the trial court erred by allowing police officer Tom Beerman to testify at trial although his name was not endorsed on the information. After appellant objected to Beerman's testimony, the trial court allowed the state to make an offer of proof and re-served ruling on the objection until after the testimony. Officer Beerman proceeded to testify that he did not observe the Cadillac in question in front of the "Christen-Hohm Building" during the morning of May 15, 1981. His testimony was adduced to prove that Sanderson was deprived of the Cadillac for an extended period of time. Appellant's trial counsel cross-examined Officer Beerman. The trial court then overruled appellant's objection and allowed the testimony into evidence. During trial, it surfaced that the state did not know that Officer Beerman would testify until the evening prior to trial.

The pertinent statute to this issue, SDCL 23A–6–10, provides:

The prosecuting attorney shall endorse upon each information the names of the witnesses known to him at the time of its filing. Any further endorsement of names upon the information shall be done only with permission of the court. This section shall not preclude calling any witnesses whose names or the materiality of whose testimony is first learned by the prosecuting attorney during the trial. This section does not require the endorsement of names of witnesses which are to be used only in rebuttal.

This Court's comments in *State v. Brown*, 285 N.W.2d 848, 851 (S.D.1979), are applicable here:

It is not error, however, for the trial court to allow the state's attorney to endorse the name of an additional witness at trial where it appears that he did not know of such witness, or that the testimony of that witness would be material when the information was filed. *State v. Morgan*, 42 S.D. 517, 176 N.W. 35 (1920); *State v. Cherrington*, 34 S.D. 562, 149 N.W. 421 (1914). Whether a belated endorsement should be allowed is a matter largely within the discretion of the trial court. *State v. Provost*, 266 N.W.2d 96 (S.D.1978); *State v. Hoover*, 89 S.D. 608, 236 N.W.2d 635 (1975). In the absence of some showing of abuse or bad faith on the part of the state's attorney in deliberately withholding the name, resulting in

substantial prejudice to the accused, the allowance will not constitute grounds for reversal. *State v. Provost*, supra; *State v. Fulwider*, 28 S.D. 622, 134 N.W. 807 (1912).

Due to the state's attorney's late awareness of Officer Beerman's factual knowledge, we hold that the trial court did not abuse its discretion in allowing Officer Beerman to testify. We note that the name of Officer Beerman was never endorsed on the information. There was, however, no prejudice therefrom and any such error, under these circumstances, was harmless. *See* SDCL 23A–44–14.

The judgment of conviction is affirmed.

All the Justices concur.