STATE of South Dakota, Plaintiff
and Appellee,

v.

Larry BAHM, Jr., a/k/a Lawrence John
Bahm, Jr., Defendant and Appellant.

No. 17600.

Supreme Court of South Dakota.

Considered on Briefs Sept. 3, 1992.

Decided Dec. 9, 1992.

Mark Barnett, Atty. Gen. and Gary R.
Campbell, Asst. Atty. Gen., Pierre, for
plaintiff and appellee.

John P. Billings of Bogue, Weeks, Rusch
& Billings, Vermillion, for defendant and
appellant.

## ACTION

PER CURIAM.

Larry Bahm appeals his conviction for
possession of marijuana. We reverse.

## FACTS

The Clay County Sheriff's office got a tip
that Bahm was growing marijuana on his
farm. They searched his farm and home
and recovered several pounds of marijuana.
Bahm was arrested for possession of mari-
juana. *He made his first appearance be-
fore a magistrate on July 20, 1990.*[1]

Bahm's defense attorney filed several
pretrial motions, none of which involved
any delay to the case. On October 26,
1990, Bahm filed a motion requesting an
order directing the prosecution to divulge
the names of the "unidentified informants"
who had provided tips to the law enforce-
ment officers. The prosecutor had previ-
ously refused to divulge the names of those
informants and continued along those lines
by resisting Bahm's motion. On October
31, 1990, Judge E.W. Hertz reserved *ruling*
on that motion.

On December 4, 1990, Judge Hertz is-
sued an order setting the case for trial on
February 7th and 8th, 1991. State quickly
recognized that the trial date would fall
outside the 180–day limitation.[2] On De-

---

**1.** Under the 180–day rule codified at SDCL 23A–
44–5.1, State had to complete the prosecution by
January 16, 1991.

**2.** The version of the 180–day rule at issue in this
case read:

The prosecution shall dispose of all crimi-
nal cases by plea of guilty or nolo contendere,
trial or dismissal within one hundred eighty

cember 11, 1990, State filed a motion for good cause delay which stated as grounds:

4. That the Hon. E.W. Hertz has been appointed to temporarily fill the vacancy on the Supreme Court beginning JANUARY 4, 1991.

5. That the trial calendar is full for the months of December, 1990 and it does not appear that the case can be submitted to a jury before the 180th day expires on JANUARY 20, 1991.

6. That the prosecutor asks that this matter either be set for trial prior to JANUARY 20, 1991 or that this MOTION FOR GOOD CAUSE DELAY be granted.

After a hearing, Judge Hertz *denied the motion for good cause* and explained on the record:

First of all, I will say that the Affidavit for Good Cause Delay will not meet the requirements of *State v. Hoffman* and the latest slip opinion.... Delay caused by docket congestion as attributable to the prosecution or court congestion does not constitute good cause for delay under this section.... So I cannot of course, based on what the State has put in its Motion here for good cause delay, accept that. That puts us to this position, I can either reset it within sometime prior to January 20th, and that is just about impossible for me. So the next thing is, and the Supreme Court has indicated this, if congestion is so bad and the judge that has the case cannot hear it within the time, then another judge should be assigned to the case. And that I can do. And get a trial date prior to the expiration of the 180-day time period.

On December 14, 1990, Judge Hertz reassigned this case to Judge Jay H. Tapken. The case was rescheduled for trial on January 16, 1991 (the last of the 180 days). *On the day before trial, the prosecutor decided to endorse the previously "unidentified informants" as witnesses for*

the prosecution. Bahm's attorney and the prosecutor had a telephone conference with Judge Tapken concerning the late endorsement of the witnesses. There is no transcript of this telephone conference but it appears that Bahm requested a continuance to prepare adequately for the witnesses. The trial was rescheduled for March 14, 1991, beyond the 180-day deadline. The record contains no indication that the prosecutor attempted to get an order for good cause delay from Judge Tapken.

## DECISION

STATE HAS FAILED TO SHOW THAT BAHM MADE AN "INFORMED AND VOLUNTARY" WAIVER OF THE 180-DAY RULE.

State admits that the 180-day rule was "at least technically" violated in this case. Bahm was not tried within 180 days and no trial judge found good cause to excuse the delay. State claims that Bahm *constructively or impliedly* waived the 180-day rule.

■ It is settled that a defendant may waive the 180-day rule, but this Court has held that "[t]he burden is on the state to show any waiver was the product of an informed and voluntary decision." *State v. Martin,* 493 N.W.2d 223, 226 (S.D.1992); *State v. Beynon,* 484 N.W.2d 898, 902 (S.D. 1992) *citing Commonwealth v. Manley,* 491 Pa. 461, 421 A.2d 636, 640 (1980).

■ State claims that Bahm waived the 180-day rule when he requested a continuance. *See State v. Cross,* 468 N.W.2d 419, 420 (S.D.1991) (defendant cannot take advantage of a delay he caused). Under the unique facts of this case, we cannot conclude that Bahm made an informed and voluntary waiver of the 180-day rule because he was forced into a continuance by the prosecutor's abusive tactics.

In the recent case, *State v. White Mountain,* 477 N.W.2d 36 (S.D.1991), it was dem-

days from the date the defendant has first appeared before a judicial officer on the complaint or indictment. Any period of delay shall be excluded if the trial court finds good cause for the delay. In the event of the prose-

cution's failure to dispose of the action within the time limit required by this section, the action shall be dismissed.
SDCL 23A–44–5.1

onstrated that the Clay County State's Attorney had filed an incomplete and inaccurate information. Then, on the eve of trial, after all plea negotiations had fallen through, the State's Attorney endorsed new witnesses for the trial. We strongly condemned this abusive and intentional prosecutorial tactic. *Id.* at 38–39. In *White Mountain* the witnesses were cumulative and therefore not substantially prejudicial to the defendant, as a result the conviction was not reversed. *Id.* at 38.

This case involves similar abusive prosecutorial tactics. In one respect, the prosecutor's conduct here was more egregious because the prosecutor *intentionally* refused to divulge the names of witnesses. Then, on the day before trial, the prosecutor endorsed those informants as "surprise" witnesses for the prosecution. The prosecutor knew this would effectively force Bahm to go to trial unprepared or request a continuance. There is no evidence in the record that Bahm's attorney would have otherwise been unprepared for the trial on January 16, 1991.

The State had been denied a good cause extension to the 180–day rule. Through abusive prosecutorial tactics, State got a continuance indirectly when it could not obtain it directly. Under these facts, we cannot condone the prosecutor's tactics.

Last, State seems to argue that Bahm should be estopped from raising the 180–day rule. State suggests that Bahm's attorney waived the 180–day rule, waited for the time limit to pass, and then reneged on the promise to waive the rule. *State has been unable to provide any affidavits from the prosecutor or any other participant to support that contention.* The only document in the record that State claims supports its argument is Bahm's defense attorney's billing voucher. That voucher only shows that Bahm's attorney prepared a waiver of the 180–day rule and sent it to Bahm. It does not indicate that Bahm's attorney agreed that Bahm would waive the 180–day rule.

Moreover, as this Court recently stated in *State v. Shilvock–Havird,* 472 N.W.2d 773, 776 (S.D.1991):

There is nothing to indicate that the defendant was a party to, or was aware of the unrecorded discussion concerning trial dates.... As in *State v. Black Feather,* 266 N.W.2d 563 (S.D.1978), any delay "caused by actions of counsel taken without the concurrence of the defendant" cannot be considered as a waiver by the defendant. Therefore, this record does not support the finding of a waiver of the 180–day rule.

Based on these unique facts, we conclude that State has failed to meet its burden to show that Bahm made an *informed* and *voluntary* waiver of the 180–day rule. The conviction is reversed.

MILLER, C.J., and WUEST, HENDERSON, SABERS and AMUNDSON, JJ., participating.